**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

STEVEN ROY RANDALL and JILL RENEE BEDOW,

Plaintiffs,

v.

MINNESOTA COMPREHENSIVE EPILEPSY PROGRAM, ROBERT JEROME GUMNIT, M.D., ILO ELMAR LEPPIK, M.D., DOUGLAS HECK, ST. JOSEPH'S MEDICAL CENTER, BRAINERD, MINNESOTA, THOMAS PUSAK, ADMINISTRATOR, NICHOLAS BERNIER, M.D., JOHN C. HAMMERLY, M.D., MINNESOTA DEPARTMENT OF HUMAN SERVICES, MICHAEL O'KEEFE, COMMISSIONER, CROW WING COUNTY SOCIAL SERVICES, SUSAN BECK, DIRECTOR, SUSAN MEZZENGA, SUPERVISOR OF DEVELOPMENTALLY DISABLED, LINDA AUGER, STEVEN RANDALL'S FORMER CASE MANAGER, SHERI MIKISH, STEVEN RANDALL'S CASE MANAGER, COUNTY OF CROW WING, JAMES HILL, SUED AS JAMES "JIM" HILL - CROW WING COUNTY COMMISSIONER, ED LARSON, CROW WING COUNTY COMMISSIONER, GILBERT DEWES, CROW WING COUNTY COMMISSIONER, JOHN R. FERRARI, CROW WING COUNTY COMMISSIONER, TERRY SLUSS, CROW WING COUNTY COMMISSIONER, and DON RYAN CROW WING COUNTY ATTORNEY,

Defendants.

2067
00 CV ~~2399~~ DWF/RLE

**ORDER AND MEMORANDUM**

---

The above-entitled matter is before the Court on Plaintiffs' Motion to Expedite Hearing or Compel Transfer to Another Medical Facility. Based upon the submissions of the Plaintiffs, the file, all records, and being otherwise duly advised in the premises, the Court hereby enters the following:

FILED OCT 27 2000
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD
DEPUTY CLERK

**ORDER**

1. Plaintiffs' Motion to Expedite Hearing or Compel Transfer to Another Medical Facility (Doc. No. 8) is **DENIED**.

DATED: October 27, 2000

DONALD D. ALSOP, Senior Judge
United States District Court

**MEMORANDUM**

The Complaint in this matter was filed on September 5, 2000; the record indicates that the Complaint has not yet been served on the Defendants. In the Complaint, the Plaintiffs assert that Plaintiff Steven Roy Randall suffered a serious head injury in 1991 as a result of a motorcycle accident. Apparently, Mr. Randall thereafter developed a seizure disorder, possibly epilepsy.[1] After his accident, each of the Defendants has been involved, in some capacity, in Mr. Randall's care and treatment. In the Complaint, Plaintiffs cite to the Supreme Court decision of *Olmstead v. L.C.*, 119 S. Ct. 2176 (1999), and allege that Mr. Randall's rights under the Americans with Disabilities Act were violated by the Defendants. Plaintiffs assert that the Defendants' failure to provide adequate medical advice has denied Mr. Randall care in the least restrictive environment possible.

On October 25, 2000, Plaintiff Jill Renee Bedow submitted a document with the Court indicating that Mr. Randall had become quite ill. Specifically, on Sunday, October 22, 2000, Mr. Randall awoke feeling dizzy and having heart palpitations. Ms. Bedow requested an ambulance which transported Mr. Randall to St. Joseph's Medical Center in Brainerd. Despite Ms. Bedow's insistence that Mr. Randall was having seizures, the physicians at St. Joseph's apparently diagnosed Mr. Randall with an inner ear infection. Ms. Bedow requested that

---

[1] The Court has attempted to discern the relevant facts from the Complaint, but the Complaint is not entirely clear about the nature and extent of Mr. Randall's injuries.

Mr. Randall be transferred to St. Cloud Hospital for reevaluation. Although the St. Joseph's physicians did not feel that a transfer was medically necessary, they authorized the transfer, and Mr. Randall was taken by ambulance to St. Cloud Hospital.

The physicians at St. Cloud Hospital concluded that Mr. Randall was suffering from toxicity as a result of his anti-seizure medication. The physicians at St. Cloud Hospital recommended admitting Mr. Randall to the intensive care unit, but that unit was full. Accordingly, Mr. Randall began receiving treatment in his room. Ms. Bedow asserts that Mr. Randall would have died if he had remained at St. Joseph's and been treated only for an ear infection.

On October 26, 2000, Ms. Bedow filed the instant motion. She states simply:

> Steven Roy Randall's health is deteriorating rapidly and the plaintiffs request an expedited hearing or an order to compel St. Joseph's Medical Center and North Ambulance to transfer Steven Roy Randall to a facility of their choice within the state of Minnesota upon request until this matter is heard before the United States District Court.
>
> If the court does not grant this motion, Steven Roy Randall may not survive before the United States District Court hears this case.

Ms. Bedow does not allege that Mr. Randall is receiving unsatisfactory care at St. Cloud Hospital, nor does she allege how his condition could be improved by transferring him to another facility. Moreover, Ms. Bedow does not allege how any transfer could be the legal responsibility of either St. Joseph's Medical Center or North Ambulance (which is not even a party to this litigation).

Upon the record currently before the Court, there is no basis for granting the relief sought, specifically an expedited hearing or an order compelling St. Joseph's or North Ambulance to transfer Mr. Randall. The record indicates that Mr. Randall is currently in St. Cloud Hospital, where it would appear he is being adequately treated. If Ms. Bedow wishes to refile her motion and provide the Court with some medical explanation of how Mr. Randall could benefit from a transfer–indeed, some medical documentation to show that he would not actually be injured by a transfer–and provide the Court with some legal basis for ordering such a transfer, the Court would consider scheduling a hearing.

The Court understands that Mr. Randall is quite ill and wishes him a sure and speedy recovery. If there were any evidence other than Ms. Bedow's bald, unsubstantiated assertion that the Court could assist in Mr. Randall's recovery by ordering the relief requested, it would attempt to do so. However, based upon the present record, the Court cannot justify a hearing for parties not yet served or any *ex parte* action.

D.D.A.