**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Steven Roy Randall and Jill Renee Bedow,

Plaintiffs,

v.

Minnesota Comprehensive Epilepsy Program; Robert Jerome Gumnit, M.D.; Ilo Elmar Leppik, M.D.; Douglas Heck; St. Joseph's Medical Center, Brainerd, Minnesota; Thomas Prusak, Administrator; Nicholas Bernier, M.D.; John C. Hammerly, M.D.; Minnesota Department of Human Services; Commissioner Michael O'Keefe; Terry Sluss, Crow Wing County Commissioner,

Defendants.

Civil No. 00-2067 (DWF/RLE)

**ORDER OF DISMISSAL WITHOUT PREJUDICE AND MEMORANDUM**

---

Cecilie Loidolt, Esq., Meagher & Geer, 4200 Multifoods Tower, 33 South Sixth Street, Minneapolis, MN 55402, appeared on behalf of Defendants Minnesota Comprehensive Epilepsy Program, Robert Jerome Gumnit, M.D., Ilo Elmar Leppik, M.D., and Douglas Heck; Mary B. Mahler, Esq., Quinlivan & Hughes, 600 Norwest Center, 400 First Street South, P.O. Box 1008, St. Cloud, MN 56302, appeared on behalf of Defendants St. Joseph's Medical Center, Thomas Prusak, Administrator, and Nicholas Bernier, M.D.; Kathryn Messerich, Esq., Halleland, Lewis, Nilan, Sipkins & Johnson, 220 Sixth Street South, Suite 600, Minneapolis, MN 55402, appeared on behalf of Defendant John C. Hammerly, M.D.; Dyan Ebert, Esq., Quinlivan & Hughes, 600 Norwest Center, 400 First Street South, P.O. Box 1008, St. Cloud, MN 56302, appeared on behalf of Crow Wing County Social Services; Cynthia Jahnke, Assistant Attorney General, Minnesota Attorney General's Office, Suite 1400, 445 Minnesota Street, St. Paul, MN 55101, appeared on behalf of Defendant Minnesota Department of Human Services.

---

The above-entitled matter is before the Court pursuant to an Order of this Court dated March 28, 2001, in which the Court directed that Defendants' dispositive motions set for April 4, 2001, be continued to Friday, June 15, 2001, at 11:30 a.m. At that time, the Court reserved the right to designate the hearing date of June 15, 2001, for a status conference to be held by way of telephone conference. Plaintiffs, who remain pro se, made no appearance.

FILED JUN 15 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD JUN 15 2001
DEPUTY CLERK

Based upon the presentations of the parties, the procedural history of the file, the Court having reviewed the contents of its file in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. The above-entitled matter is **DISMISSED WITHOUT PREJUDICE**.

2. In the event this action is refiled by Plaintiff Jill Renee Bedow, the Court respectfully directs that the matter be brought to the attention of the undersigned so that a dispositive motion hearing date can be set. The Court will continue to reserve the right to appoint a guardian ad litem for Plaintiff Jill Renee Bedow, pursuant to Rule 17 of the Federal Rules of Civil Procedure, until the above-entitled action is reinitiated.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 15, 2001

DONOVAN W. FRANK
Judge of United States District Court

**MEMORANDUM**

Pursuant to the Court's order of March 28, 2001, as noted above, the Court continued the above-entitled matter to June 15, 2001, at which time the Court dismissed the case without prejudice, notwithstanding the request of all Defendants to dismiss the case with prejudice. Defendants assert that they are entitled to a dismissal of the case with prejudice on the merits.

The Court has been informed that Plaintiff Jill Renee Bedow remains under civil commitment in the State of Minnesota. Steven Roy Randall, also pro se, has previously requested

that the Court remove him from the above-entitled action. That request was made by letter on March 8, 2001, and is part of the Court's file.

It is the Court's view that a dismissal without prejudice would be fair to all parties and otherwise serve the interests of justice provided that the Court direct that, in the event Plaintiff Jill Renee Bedow refiles the above-entitled matter, that the Court intends to place it on an expedited track and grant Defendants' request for an immediate hearing on the dispositive motions they have filed so that, in the interests of all parties, the matter can either be resolved by way of dispositive motions, settlement, or move on to trial. The Court remains hopeful that any issues that remain between the parties in the context of the Court's dismissal without prejudice can be resolved without further litigation.

Again, if Plaintiff Jill Renee Bedow has any questions about her rights or options in the context of the Court's decision, the Court urges her to consult with a lawyer.

D.W.F.

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES: **JUN 15 2001**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

> ***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995